IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**AMTRUST INTERNATIONAL UNDERWRITERS DAC**

**Plaintiff,**

**vs.**

**BUILDERS INSURANCE GROUP, a Georgia Corporation;**
**AMERICAN BUILDERS INSURANCE COMPANY, a Delaware Corporation;**
**COLONY SPECIALTY INSURANCE COMPANY, an Ohio Corporation;**
**UNITED SPECIALTY INSURANCE COMPANY, a Delaware Corporation;**
**KNIGHT SPECIALTY INSURANCE COMPANY, a Delaware Corporation;**
**PELEUS INSURANCE COMPANY, a Virginia Corporation;**
**OWNERS INSURANCE COMPANY, a Michigan Corporation;**
**GEMINI INSURANCE COMPANY, a Delaware Corporation;**
**FIRST MERCURY INSURANCE COMPANY, a Delaware Corporation;**

**Defendants.**

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, AmTrust International Underwriters DAC ("Plaintiff AmTrust"), by and through its counsel, Pearl ♦ Schneider ♦ Young LLC, hereby states and alleges as follows for its Complaint and Jury Demand:

**JURISDICTION AND VENUE**

1.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1).

**PARTIES**

3. Plaintiff AmTrust is an insurance company registered in Ireland, with a registered address of 6-8 College Green, Dublin 2., Do2 VP48.

4. Upon information and belief, Builders Insurance Group ("Builders") is an insurance company incorporated in the State of Georgia with its principle place of business in the State of Georgia.

5. Upon information and belief, American Builders Insurance Company ("American Builders") is an insurance company incorporated in the State of Delaware with its principal place of business in the State of Georgia.

6. Upon information and belief, Colony Specialty Insurance Company ("Colony") is an insurance company incorporated in the State of Ohio.

7. Upon information and belief, United Specialty Insurance Company ("USIC") is an insurance company incorporated in the State of Delaware with its principal place of business in the State of Texas.

8. Upon information and belief, Knight Specialty Insurance Company ("KSIC") is an insurance company incorporated in the State of Delaware with its principal place of business in the State of California.

9. Upon information and belief, Peleus Insurance Company ("Peleus") is an insurance company incorporated in the State of Virginia with its principal place of business in the State of Virginia.

10. Upon information and belief, Owners Insurance Company ("OI") is an insurance company incorporated in the State of Michigan with its principal place of business in the State of Michigan.

11. Upon information and belief, Gemini Insurance Company ("Gemini") is an insurance company incorporated in the State of Delaware with its principal place of business in the State of Connecticut.

12. Upon information and belief, First Mercury Insurance Company ("First Mercury") is an insurance company incorporated in the State of Delaware with its principal place of business in the State of Michigan.

**GENERAL ALLEGATIONS**

13. Plaintiff AmTrust issued commercial general liability ("CGL") policies (the "AmTrust Policies") to Lokal BR7, LLC or Lokal Communities, LLC or Lokal Homes, LLC ("Lokal Homes"), which was the developer/general contractor of a single-family home located at 15595 E. 112th Way, Commerce City, Colorado, 80222 ("Project").

14. Upon information and belief, each of the following entities performed work at the Project as subcontractors of Lokal Homes and entered into Independent Subcontractor Agreement ("Agreements") with Lokal Homes and its subsidiaries and affiliates: Winchester Company ("Winchester"); St. Peter, Inc. ("St. Peter"), J&C Foundations, Inc. ("J&C"), and GRC Consulting, Inc. ("GRC"), Sakota Builders, Inc. ("Sakota"), Colorado Drain Systems, Inc. ("Colorado Drain"), and Denver Concrete Company, Inc. ("Denver Concrete") (Collectively referred to as the "Subcontractors").

15. Based on the language of the Agreements, each Subcontractor was liable to indemnify, defend, and hold harmless Lokal Homes from and against any claims, damages, losses, costs and expenses, arising from or in connection with any negligent act, error or omissions by each of the Subcontractors.

16. The Agreements also required that the Subcontractors include Lokal Homes, as an additional insured on the commercial general liability "(CGL)" policy required to be carried by each Subcontractor prior to working on the Project.

17. Winchester, St. Peter, J&C, Denver Concrete, GRC, and Colorado Drain, agreed to carry: "(a) Commercial General Liability Insurance ("CGL") coverage… protecting against property damage… arising from the exposures of… (ii) products completed operations… (f) [Subcontractor] shall add [Lokal Homes], its subsidiaries and affiliates, as additional insureds on the CGL policy by having the insurance carrier issue an additional insured endorsement(s) at least as broad as the ISO CG 2010 11/85 Additional Insured – Owners, Lessees or Subcontractors – Form B endorsement. Such additional insured status under the CGL policy must not be limited by amendatory language to the policy. Further, this endorsement shall: (i) Provide coverage for both premises/ongoing operations and products-completed operations to the benefit of the additional insured; (ii) provide coverage to the full extent of the actual limits of [Subcontractor]'s coverage even if such actual limits exceed the minimum limits required by this Agreement."

18. Sakota agreed to: "indemnify and hold [Lokal Homes] harmless from and against all claims, damages, losses and expenses, including, but not limited to reasonable attorneys' fees, arising out of or resulting from the Work, including, without limitation, any claim, damage, loss,

or expense attributable to bodily injury or death, or injury to or destruction of tangible property (including loss of use resulting therefrom), to the full extent caused in whole or in part by the negligence or omissions of [Sakota]…[Sakota] shall obtain and maintain a policy of contractor's general commercial liability insurance naming [Lokal Homes] as an additional insured on each Project. Minimum general liability limits are as follows… Commercial General Liability Insurance ("CGL") written on ISO form CG 00 01 occurrence form or equivalent for hazards of: (a) Construction Operation, (b) Subcontractors and Independent Contractors, (c) Products and Completed Operations."

19. Upon information and belief, Builders issued certain policies of insurance to Winchester, as the named insured. Lokal Homes was named as an additional insured under the Builders' policies issued to Winchester. Builders had a duty to defend and indemnify Lokal Homes as an additional insured.

20. Upon information and belief, American Builders issued certain policies of insurance to Winchester, as the named insured. Lokal Homes was named as an additional insured under the American Builders' policies issued to Winchester. American Builders had a duty to defend and indemnify Lokal Homes as an additional insured.

21. Upon information and belief, Colony issued certain policies of insurance to St. Peter, J&C, and GRC, as the named insureds. Lokal Homes was named as an additional insured under the policies issued by Colony to St. Peter, J&C, and GRC. Colony had a duty to defend and indemnity Lokal Homes as an additional insured.

22. Upon information and belief, USIC issued certain policies of insurance to Sakota, J&C, GRC, and Colorado Drain, as the named insureds. Lokal Homes was named as an

additional insured under the policies issued by United Specialty to Sakota, J&C, GRC, and Colorado Drain. USIC had a duty to defend and indemnity Lokal Homes as an additional insured.

23. Upon information and belief, KSIC issued certain policies of insurance to Sakota and Colorado Drain, as the named insureds. Lokal Homes was named as an additional insured under the policies issued by KSIC to Sakota and Colorado Drain. KSIC had a duty to defend and indemnify Lokal Homes as an additional insured.

24. Upon information and belief, Peleus issued certain policies of insurance to J&C as the named insured. Lokal Homes was named as an additional insured under the policies issued by Peleus to J&C. Peleus had a duty to defend and indemnify Lokal Homes as an additional insured.

25. Upon information and belief, OI issued certain policies of insurance to Denver Concrete, as the named insured. Lokal Homes was named as an additional insured under the policies issued by OI to Denver Concrete. OI had a duty to defend and indemnify Lokal Homes as an additional insured.

26. Upon information and belief, Gemini issued certain policies of insurance to GRC, as the named insured. Lokal Homes was named as an additional insured under the policies issued by Gemini to GRC. Gemini had a duty to defend and indemnify Lokal Homes as an additional insured.

27. Upon information and belief, First Mercury issued certain policies of insurance to GRC, as the named insured. Lokal Homes was named as an additional insured under the policies

issued by First Mercury to GRC. First Mercury had a duty to defend and indemnify Lokal Homes as an additional insured.

28. All times herein, Builders, American Builders, Colony, USIC, KSIC, Peleus, OI, Gemini, and First Mercury are collectively referred to as the "Subcontractors' Insurers").

29. On May 31, 2018, Frank and Christine McTarsney ("Owners") purchased the Project from Lokal Homes.

30. Upon information and belief, the Owners noticed and alleged defects in the design and/or construction of the Project relating to work performed by the Subcontractors, rendering the home uninhabitable ("Owners' claims").

31. Pursuant to C.R.S. § 13-20-802, Lokal Homes sent a Notice of Claim to each Subcontractor advising that the Project was suffering from various construction deficiencies and identifying that nature and scope of such defects. The Notice of Claims sent to the Subcontractors advised that each of the Subcontractors was obligated to defend, indemnity and hold harmless Lokal Homes from and against any and all costs, claims, damages and losses Lokal Homes may incur in connection with the work each of the Subcontractors performed at the Project.

32. Lokal Homes tendered the defense and indemnity of the Owners' claims to the Defendants. The tender letters advised that each Defendant was liable to defend and indemnify Lokal Homes from and against claims arising out of or resulting from the negligent acts or omissions of each Subcontractor.

33. Plaintiff AmTrust is informed, believes, and thereon alleges that any and all damages incurred by Lokal Homes were proximately caused in whole or in part by the breach of contract by the Subcontractors.

34. In order to mitigate losses, in October 2018, Lokal Homes conducted a buy-back of the Project from the Owners.

35. In April 2019, Lokal Homes sold the Project to a salvage buyer.

36. On May 10, 2020, Plaintiff AmTrust entered into a settlement agreement with Lokal Homes, indemnifying Lokal Homes for the difference between the amount paid by Lokal Homes to the Owners in the buy-back, and the amount received by Lokal Homes from the salvage buyer ("Loss").

37. Each Defendant had a duty to indemnify and defend Lokal Homes as an additional insured under the policies issued by the Defendants to the Subcontractors.

38. Upon information and belief, none of the Defendants contributed toward the defense or the indemnity of the Loss incurred by Lokal Homes.

39. Plaintiff AmTrust has indemnified Lokal Homes for the entirety of the Owners' claim.

40. Plaintiff AmTrust has incurred defense fees and costs associated in defending Lokal Homes arising out of the Owners' claim, and Defendants have not contributed their respective share of the same.

**FIRST CLAIM FOR RELIEF**
**Equitable Contribution**

41. Plaintiff AmTrust incorporates by reference the preceding paragraphs as though fully set forth herein.

42. In defending and indemnifying Lokal Homes for the resolution of the Owners' claims relating to the Project, Plaintiff AmTrust has paid more than its equitable share of the defense fees and costs and settlement/indemnity.

43. Defendants each had an independent duty to defend and indemnify Lokal Homes relating to the Project.

44. Defendants are responsible for their equitable share of Lokal Homes' settlement and/or defense fees and costs relating to the Project.

45. Plaintiff AmTrust is entitled to contribution from Defendants.

## SECOND CLAIM FOR RELIEF
### Contractual Subrogation

46. Plaintiff AmTrust incorporates by reference the preceding paragraphs as though fully set forth herein.

47. The policies issued by AmTrust to Lokal contain subrogation provisions.

48. AmTrust is contractually entitled to recover any payments that it made on behalf of any other entity or person that was liable for such payment.

49. Pursuant to AmTrust's contractual subrogation rights, AmTrust is entitled to recoup that share of the defense fees and costs and settlement/indemnity which should have been paid or are owed by the Defendants.

## THIRD CLAIM FOR RELIEF
### Equitable Subrogation

50. Plaintiff AmTrust incorporates by reference the preceding paragraphs as though fully set forth herein.

51. AmTrust, as the insurer of Lokal Homes, agreed to defend and indemnify Lokal Homes pursuant to the terms and conditions of the AmTrust Policies.

52. AmTrust contributed more than its equitable share of the defense fees and costs incurred by Lokal, with respect to the Owners' claims, and more than its respective share of the claims for indemnity under the AmTrust Policies.

53. The Defendants are liable for their equitable share of the defense fees and costs and settlement/indemnity paid to resolve the Owners' claims arising out of the property damage at the Project.

54. The Defendants have breached their duties to defend and indemnify Lokal Homes as an additional insured under their respective policies, or have failed to contribute their equitable share of the defense and settlement/indemnity owed thereunder.

55. AmTrust is entitled to recoup that share of the defense fees and costs and indemnity which should have been paid or are owed from the Defendants.

**FOURTH CLAIM FOR RELIEF**
**Claim for Unjust Enrichment**

56. Plaintiff AmTrust incorporates by reference the preceding paragraphs as though fully set forth herein.

57. Plaintiff AmTrust has conferred a benefit on Defendants, by paying Lokal's defense fees and costs and paying to fully resolved the Owners' claims against Lokal.

58. The payment by AmTrust's of Lokal's defense fees and costs and settlement/indemnity was a benefit that was appreciated by Defendants and was accepted under such circumstances that it would be inequitable for it to be retained without payment/return of its value to Plaintiff, AmTrust, by the Defendants.

59. AmTrust is entitled to recoup that share of the defense fees and costs and settlement/indemnity which should have been paid or are owed from the Defendants.

**FIFTH CLAIM FOR RELIEF**
**Claim for Declaratory Judgment**

60. Plaintiff AmTrust incorporates by reference the preceding paragraphs as though fully set forth herein.

61. An actual controversy has arisen and now exists with respect to the obligations and duties of the Plaintiff and Defendants with respect to payment of the settlement and defenses fees and costs incurred by Lokal Homes relating to the Project.

62. Pursuant to C.R.C.P. 57(a), Declaratory Judgments, Plaintiff AmTrust seeks to have the Court determine the rights and legal obligations for payment of the settlement/indemnity and defense fees and costs incurred relating to the Project.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff AmTrust prays for relief and requests that the Court enter judgment and against Defendants in an amount to be proven at trial, including but not limited to costs, pre and post judgment interest and such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 2nd day of October, 2020.

                                    Pearl ♦ Schneider ♦ Young LLC

                                    */s/ Laura Trask Schneider*

                                    Laura Trask Schneider, Reg. No. 23420
Pearl ♦ Schneider ♦ Young LLC
165 S. Union Blvd., Suite 466
Lakewood, CO  80228
Phone: (#03) 515-6800
Fascimile:  (303) 515-6850
E-mail: lschneider@pearlschneider.com

*(original signature on file at Pearl Schneider Young LLC)*